J-A25027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JERMAINE MOORE | : | |
| | : | No. 2603 EDA 2016 |
| Appellant | | |

Appeal from the Judgment of Sentence July 18, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002339-2016

BEFORE:   OTT, STABILE, JJ., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                **FILED NOVEMBER 14, 2017**

Appellant, Jermaine Moore, appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County, which, sitting as finder of fact at Appellant's bench trial, found him guilty of Resisting Arrest, 18 Pa.C.S. § 5104, *infra*.  Sentenced to six to twelve months' incarceration plus one year's reporting probation, Appellant challenges the sufficiency of the evidence supporting his conviction.  For its part, the Commonwealth recommends that this Court vacate judgment of sentence, as it concedes the evidence failed to establish a necessary element of the resisting arrest offense. We reverse.

The issue before us arises from an incident occurring on the afternoon of January 16, 2016, inside the concourse at Philadelphia's Suburban Station. At approximately 3:45 p.m., a SEPTA Police Officer believed he saw Appellant

_____

* Former Justice specially assigned to the Superior Court.

and a woman exchange money for an unknown object on stairwell leading to the street level. Suspecting a drug purchase was in progress, the officer stopped Appellant and asked him for identification. When Appellant said he did not carry any, the officer commenced a weapons frisk.

At that point, the officer placed a handcuff on Appellant's wrist to better contain him during the frisk, but Appellant broke free and ran. The officer pursued and eventually grabbed Appellant, who began spinning and flailing his arms wildly, striking the officer in the head. The officer would later testify at Appellant's bench trial that he was unsure whether Appellant was trying to land a blow or just spin out of his coat, and he admitted his hood had covered his eyes when he felt the blow to his head. N.T. 7/6/16 at 14. Eventually, the officer pepper sprayed Appellant, handcuffed him, and completed the frisk, finding no weapons, drugs, or money on Appellant's person.

Appellant was charged with Aggravated Assault, Simple Assault, and Resisting Arrest. On July 6, 2016, Appellant proceeded to a non-jury trial and was found guilty of resisting arrest. With the agreement of the Commonwealth, the court granted judgment of acquittal on the assault charges. On July 18, 2016, the court imposed sentence, as noted above. This timely appeal followed.

Appellant presents the following question for our review:

**WAS NOT APPELLANT ERRONEOUSLY CONVICTED OF RESISTING ARREST, 18 PA.C.S.A. § 5104, AS THE COMMONWEALTH FAILED TO PROVE AN ESSENTIAL ELEMENT OF THAT OFFENSE, NAMELY, THAT THE UNDERLYING ARREST WAS LAWFUL, AND APPELLANT'S**

**MERELY EVASIVE CONDUCT DID NOT FALL WITHIN THE AMBIT OF THE STATUTE?**

Brief of Appellant at 3.

Our standard of review for a sufficiency of the evidence challenge is well-established:

> A claim challenging the sufficiency of the evidence presents a question of law. We must determine whether the evidence is sufficient to prove every element of the crime beyond a reasonable doubt. We must view evidence in the light most favorable to the Commonwealth as the verdict winner, and accept as true all evidence and all reasonable inferences therefrom upon which, if believed, the fact finder properly could have based its verdict.

***Commonwealth v. McFadden***, 156 A.3d 299, 303 (Pa. Super. 2017) (citation omitted).

> Pursuant to Section 5104 of the Crimes Code, Resisting Arrest:

> A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance

18 Pa.C.S.A. § 5104.

Appellant contends the evidence was insufficient to support his Resisting Arrest conviction where the Commonwealth failed to prove that his underlying arrest against which he resisted was lawful. We agree.

When the officer first frisked and handcuffed Appellant, he did so without possessing either probable cause to support an arrest on drug charges or reasonable grounds to belief Appellant possessed a weapon. Specifically, at

- 3 -

Appellant's trial, the officer admitted that Appellant and the woman exchanged what "could have been anything" that afternoon at the train station, N.T. at 20, and there was no testimony that either secreted the objects in a suspicious manner. The officer was unable to discern "who was exchanging what" and conceded on cross-examination that it could have been a stick of gum. N.T. at 12. Nor was there testimony that the exchange took place in a known high drug-crime setting or that the officer had specialized training or experience that allowed him to reasonably conclude he had probably witnessed a drug transaction. *Compare Commonwealth v. Thompson*, 985 A.2d 928 (Pa. 2009) (holding probable cause existed to support warrantless arrest and search where specifically-trained and experienced narcotics officer observed exchange of money for unknown object, without any other suspicious behavior, in area he knew to be a high drug-crime area).

Likewise, evidence was lacking to support a weapons frisk, as the officer failed to articulate any particularized reason to believe Appellant possessed a weapon or posed a danger to the officer. *See Commonwealth v. Preacher*, 827 A.2d 1235, 1239 (Pa.Super. 2003) (explaining officer can conduct pat-down of suspect's outer garments for weapons if, during course of valid investigatory stop, officer reasonably believes suspect may be armed and dangerous).

On this issue, the Commonwealth concurs with Appellant that his resisting arrest conviction must be vacated under circumstances invalidating Appellant's arrest. Finding no basis to support the lower court's finding that

Appellant's underlying arrest was lawful, we agree with Appellant and the Commonwealth that vacating judgment of sentence is required.[1]

Judgment of sentence is reversed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/2017

---

[1] In its Pa.R.A.P. 1925(a) Opinion, the trial court asks this Court to affirm judgment of sentence on precedent that an unlawful arrest does not excuse an assault upon an arresting officer. Such precedent recognizing grounds to charge for other crimes committed while resisting an unlawful arrest is inapposite to the issue before us, as the only conviction before us is for resisting arrest, which we vacate for elemental reasons specific to the resisting arrest statute. Indeed, indicative of the Commonwealth's appreciation that an arrestee's assaultive conduct during an unlawful arrest is not excused as a matter of law is that Appellant faced assault charges for his conduct during the arrest, although, at trial, he was acquitted of such charges under the facts.

In addition, we also find the present matter to be factually distinguishable from other decisional law, cited by the trial court, holding that resisting a lawful arrest effected for an earlier assault committed during an unlawful arrest will support a charge for resisting arrest. Here, there was no evidence of a temporally distinct resistance by Appellant to a subsequent, lawful arrest based on probable cause of prior assaultive behavior. Instead, Appellant's resistant conduct occurred during the officer's ongoing attempt to subdue and handcuff Appellant without probable cause of drug and/or weapon possession.